```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

JOEY CASTRO,                          :
                                      :
     Plaintiff,                       :
                                      :
     v.                               :    CASE NO. 3:13CV408(DFM)
                                      :
CAROLYN W. COLVIN                     :
COMMISSIONER OF SOCIAL SECURITY,      :
                                      :
     Defendant.                       :
```

### RULING ON PENDING MOTIONS

Plaintiff, Joey Castro, seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI").[1] Administrative Law Judge ("ALJ") Marlene W. Heiser held a hearing on October 24, 2011, and determined that plaintiff was not disabled within the meaning of the Social Security Act.[2] Plaintiff timely appealed to this court.

---

[1] Plaintiff filed applications for SSI and disability insurance benefits ("DIB") on March 8, 2010. His applications were denied initially and on reconsideration. At the hearing, plaintiff withdrew his claim for DIB.

[2] The ALJ found at step one that plaintiff had no substantial gainful employment since his alleged onset date. (R. 19.) At step two, she found that plaintiff has the following severe impairments: degenerative disc disease, borderline intellectual function disorder, depressive disorder, anxiety disorder, and substance abuse. (R. 19.) She found at step three that none of these impairments meet or medically equal a listed impairment. (R. 19.) She determined that plaintiff retained the residual functional capacity to perform light work with the following conditions: "he can only occasionally climb and he is limited to simple, routine, repetitive tasks involving short, simple instructions in an environment with few workplace changes, no

Currently pending are plaintiff's motion to reverse the decision of the Commissioner (doc. #11) and defendant's motion to affirm the decision of the Commissioner. (Doc. #15.) On July 23, 2015, counsel filed a joint stipulation of facts and medical chronology, which are incorporated by reference herein. (Doc. #17.) I heard oral argument on September 2, 2015. For the following reasons, plaintiff's motion is DENIED and defendant's motion is GRANTED.[3]

I.  Legal Standard

The standards for determining an individual's entitlement to supplemental security income, the Commissioner's five-step framework for evaluating claims, and the district court's review of the final decision of the Commissioner are well-settled. I have followed those standards but do not repeat them here.

II. Discussion

Plaintiff raises two arguments, which I will review in order of the emphasis given at oral argument.

---

public contact, and only brief, infrequent contact with co-workers and supervisors." (R. 20-21.) At step four, she determined that plaintiff is unable to perform his past relevant work. (R. 24.) At step five, considering his age, education, work experience and residual functional capacity, the ALJ determined that jobs exist in significant numbers in the national economy that plaintiff can perform. (R. 25.) Plaintiff appealed the ALJ's decision to the Appeals Council, which denied his request for review on January 24, 2013.

[3]This is not a recommended ruling. On November 9, 2015, the parties consented to the jurisdiction of the undersigned magistrate judge. 28 U.S.C. § 636(c). (Doc. #25.)

A. RFC Analysis

Plaintiff argues that the ALJ erred when determining his residual functional capacity ("RFC")[4] by (1) failing to discuss the mental RFC assessment of state agency reviewing psychologist, Dr. Adrian Brown; and (2) failing to give "great weight" to all of the functional limitations identified by nurse practitioner Diane Puppolo.

1. Dr. Brown

Plaintiff argues that the ALJ erroneously relied on the opinion of state agency reviewing psychologist Dr. Cory Sells to the exclusion of Dr. Brown.[5] He asserts that Dr. Brown's opinion, given five months after Dr. Sells's report, provided additional medical evidence and assessed greater mental limitations. The Commissioner contends that because Dr. Brown's

---

[4] Residual functional capacity is defined as the most a claimant can do in a work setting despite his limitations. 20 C.F.R. § 404.1545(a)(1).

[5] A careful review of the ALJ's decision reveals that while she did not identify the "state agency consultant" whose "mental assessment" she assigned "great weight," it can be inferred that she was referring to Dr. Brown. After her assignment of weight, the ALJ cited Exhibit 7A--Dr. Sells's RFC assessment. This likely was a typographical error. The ALJ's RFC determination, limiting plaintiff to "an environment with few workplace changes . . ." (R. 20-21) more closely mirrors Dr. Brown's opinion that plaintiff is "capable of . . . adapting . . . adequately to minor changes in work routines," (R. 147) than Dr. Sells's corresponding opinion that plaintiff is "capable of . . . simple, independent, adaptive functioning." (R. 117.) To the extent the ALJ's citation to Dr. Sells's report was a scrivener's error, remand is not required. See Meacham v. Astrue, No. 09-590, 2010 WL 4412113, at *6 (D. Me. Oct. 31, 2012).

3

opinion is nearly identical to Dr. Sells's opinion and does not assess significantly more restrictive limitations than the ALJ's RFC determination, remand is not warranted. I agree.

The two consultants' opinions are nearly identical. A comparison reveals two slight differences: (1) Dr. Brown found that plaintiff's ability to understand and remember detailed instructions was "markedly limited," while Dr. Sells found that it was "moderately limited"; (2) Dr. Brown found that plaintiff's ability to carry out detailed instructions was "markedly limited," while Dr. Sells found that it was "moderately limited." Dr. Brown's opinion, however, is not significantly more favorable to plaintiff and is consistent with the ALJ's RFC determination.[6] Remand is not required when the ALJ ignores a medical opinion, if that opinion essentially is duplicative of evidence considered by the ALJ and is not significantly more favorable to plaintiff. Seekins v. Astrue, No. 3:11CV264 (VLB)(TPS), 2012 WL 4471266, at *5 (D. Conn. Aug. 14, 2012); see also Brault v. Soc. Sec. Admin. Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (holding that ALJs are not required to cite every piece of evidence considered).

---

[6]The remainder of Dr. Brown's opinion assesses the same limitations as Dr. Sells and is consistent with the ALJ's RFC determination. These additional limitations include infrequent interactions with the general public and only minor changes in work routine. The ALJ accounted for these limitations by restricting plaintiff to work with "no public contact" and "an environment with few workplace changes." (R. 20.)

## 2. Nurse Puppolo

Plaintiff next argues that the ALJ erred by not assigning great weight to the entirety of nurse Puppolo's opinion, specifically that plaintiff has "serious problems" "[f]ocusing long enough to finish assigned simple activities or tasks." (R. 848.)

The ALJ recognized nurse Puppolo as one of claimant's treating sources, but did not afford Puppolo's opinion controlling weight. Nurse practitioners are not acceptable medical sources whose opinions may be afforded controlling weight. See 20 C.F.R. §§ 416.913, 416.927; SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006). Evidence from a nurse practitioner, however, must be considered as part of the record when assessing a claimant's RFC.

The ALJ gave great weight to the portion of nurse Puppolo's opinion which states that plaintiff exhibits mostly mild to moderate problems with activities of daily living, social functioning, and concentration, persistence and pace. The ALJ found only this part of nurse Puppolo's opinion to be "consistent with the medical record as a whole and the [RFC]."[7]

---

[7] Nurse Puppolo's opinion that plaintiff has serious problems maintaining focus to finish simple tasks is not supported by substantial evidence in the record. For example, state agency medical consultant Dr. Marc Hillbrand evaluated plaintiff on August 17, 2010 and found that he was capable of performing simple tasks. (R. 606.) Similarly, Dr. Sells and Dr. Brown

5

(R. 24.)  That the ALJ did not give "great weight" to the entirety of nurse Puppolo's opinion was not error.

### B. Step 5 Determination

Plaintiff's final argument is that the Commissioner failed to meet her burden of proving at step 5 that plaintiff is able to do any other work because the jobs identified by the ALJ exceed his RFC.[8]  The ALJ determined that although plaintiff could not perform his past relevant work, he could perform other work in the national economy such as a folder, folding machine operator, or marker. (R. 25-26.)  These jobs have a reasoning development level of 2.[9]  Plaintiff argues that reasoning development level 2 exceeds Dr. Brown's RFC assessment[10] that plaintiff is "markedly impaired in his ability to understand,

---

opined that while plaintiff would have difficulty completing complex tasks, he is able to perform simple, routine, and repetitive tasks. (R. 127-29, 145-47.)

[8]The claimant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof at the fifth step. Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008).

[9]According to the Dictionary of Occupational Titles, reasoning development level 2 requires workers to "[a]pply common sense understanding to carry out detailed but uninvolved written or oral instructions."

[10]Plaintiff argues that because the ALJ did not include the limitations identified by Dr. Brown in her hypothetical posed to the vocational expert ("VE"), she could not rely on the VE's testimony to find that there are jobs in the national economy that plaintiff can perform.  As discussed above, because the ALJ's RFC analysis is supported by substantial evidence, plaintiff's argument fails.

remember and carry out detailed instructions." He asserts that his RFC comports only with reasoning development level 1 jobs.[11]

The Second Circuit has held that limitations to "short, simple instructions" are not inconsistent with reasoning development level 2. Jones-Reid v. Astrue, 934 F. Supp. 2d 381, 408 (D. Conn. 2012) (explaining that "[a] number of courts have found that a limitation of simple tasks or instructions is consistent with . . . level 2 reasoning"); see also Soler v. Colvin, No. 3:13CV1659 (WIG), 2015 WL 4999907, at *14 (D. Conn. Mar. 3, 2015) ("A limitation to work with simple instructions is consistent with jobs in reasoning levels 1 *and* 2."); Lofton v. Colvin, No. 3:13CV528 (JBA), 2015 WL 2367692, at *27 (D. Conn. May 13, 2015) ("[A] restriction of simple tasks or instructions is consistent with both Reasoning Level Two and Three positions."). There is no error with the ALJ's step 5 determination.

III. Conclusion

For these reasons, plaintiff's motion to reverse the decision of the Commissioner (doc. #11) is DENIED and

---

[11] Reasoning development level 1 requires workers to "[a]pply commonsense understanding to carry out simple one or two-stop instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job."

defendant's motion to affirm the decision of the Commissioner (doc. #15) is GRANTED.

This is not a recommended ruling.  The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.  Appeals can be made directly to the appropriate United States court of appeals from this judgment. See 28 U.S.C. § 636(c)(3).

SO ORDERED at Hartford, Connecticut this 13th day of January, 2016.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge